In the Matter of the Petition of LUTHER S. CONWELL, Trustee for EDITH J. HOLLIS, an Insane Person.

*Kent, Sept.* 14, 1921.

Under *Revised Code* 1915, § 3875, providing that a trustee may invest in certain kinds of securities and "such other securities as may be approved by the Chancellor," the Chancellor will not give his approval in advance of investment.

PETITION BY TRUSTEE for approval in advance of an investment of trust funds. The petitioner, trustee for an insane person, asks the court for authority to invest $2,500 of the estate in his hands in a loan to Elizabeth J. Weaver and Henry Weaver, who are respectively daughter and son-in-law of the insane person. The loan is to be secured by a judgment bond of Henry Weaver and wife, who own no real estate on which a lien can be obtained.

*Arley B. Magee*, for petitioner.

THE CHANCELLOR. The statute (*Revised Code of* 1915, *par.* 3875) lists the classes and kinds of securities in which trustees may invest the funds of their trusts. The last in the list is "such other securities as may be approved by the Chancellor."

Though the trustee thinks this loan would be a safe one, he is unwilling to take the responsibility of making it and asks the court to do so by approving the proposed investment. The statute referred to, in specifying that trustees may invest funds of their

trust estates in "such other securities as may be approved by the Chancellor," undoubtedly authorizes the Chancellor to approve of a proposed investment prior to its purchase by the trustee. Though this be true, yet I am aware of no case since the passage of the statute where the Chancellor exercising such authority has, in advance of the investment, given thereto his approval. Prior to the passage of the statute the records of the Court of Chancery disclose that such advance approval was in some cases given. The safer and better rule for the guidance of the court is to decline to approve of investments in advance.

Trustees are selected because of their supposed ability to manage the affairs of their trusts in a business like way, and with due regard to the safety and profitable investment of the funds committed to their custody. Not only is good faith required of them, but also that degree of diligence and prudence which should characterize intelligent, careful and viglant men in the successful conduct of their own affairs. The selection of an individual to serve as trustee presupposes the existence in him of these qualities. Possessing them, he is entirely qualified to pass on investments in the first instance and should be willing, if he contemplates departing from the list of securities specifically designated by the statute, to assume the burden of responsibility without asking the court to do so for him. Such course would be the best sort of evidence of the faith of the trustee in the safety and propriety of the investment, for unless there is such faith in the investment, it is not to be assumed that the trustee would incur the personal risk of making it.

I am disposed to lay down as a general rule for my guidance that in no case will I, in advance of an investment, lend to it my approval, but will reserve to a later time the matter of approving or disapproving, and then only in such case as under the particular circumstances may seem to be justified. Trustees must carry the investment burden of the funds. They cannot expect the Chancellor to assume it for them.

If approval should be given to this particular investment, it would be natural for the trustee to rely upon the Chancellor's approval as his security against possible loss. While such approval might not be sufficient to relieve him of all responsibility of watch-

ing over the investment and calling it in should it become endangered, yet the fact that such approval had been given would doubtless tend to encourage a less careful oversight than would otherwise be bestowed upon it, and would make the course of the Chancellor more difficult in case question were later made by the *cestui que trust* concerning its propriety. In view of the detailed nature of the list of investments of which the statute approves, and the range thereof, I see no reason why the Chancellor should be called upon to aid the trustee in passing in advance upon investments which lie outside the specified list.

The foregoing views have been stated, not because of any difficulty of passing upon the present application, but rather for the guidance of trustees in the future who may contemplate asking the Chancellor to approve in advance of proposed investments.

If I were willing to pass upon this particular investment, I would have no difficulty in doing so, for how it ought to be viewed as an investment is attended with no doubt. Because of the views above stated, however, I prefer to express no opinion concerning its desirability.

The prayer of the petition will therefore be denied.